UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: <br><br> **DEANIE HAIR CREECH** <br><br> DEBTOR. | CHAPTER 7 <br><br> CASE NO. 05-51710 |
| **W. JOSEPH BURNS,** TRUSTEE IN BANKRUPTCY FOR **DEANIE HAIR CREECH,** <br><br> PLAINTIFF, <br><br> vs. <br><br> **DEANIE HAIR CREECH,** <br><br> DEFENDANT. | ADVERSARY PROCEEDING NO. 05-06055 |

**TRIAL BRIEF**

**FACTS PRESENTED**

On July 20, 1992, William Lacy Hair and wife, Carolyn C. Hair conveyed a house and lot on High Rock Lake to their daughter, Deanie Hair-Creech by general warranty deed, without title exceptions, or consideration.

Deanie Hair-Creech (the "Debtor") filed a Chapter 7 Bankruptcy case on June 2, 2005. W. Joseph Burns was appointed Trustee. In her petition, schedules and statements, the Debtor disclosed the existence of the property, but took the position that the property was "held in trust for family members." The Debtor provided the Trustee with a letter dated July 4, 1992 from her parents to the Debtor which referenced the gift of the property with the following "provisions:"

1

1. That the property was to be retained for the use of the Hair family;

2. That the property was not to be sold or given to any non-family member;

3. That if the property must be disposed of, it returns to the parents or the Debtor's siblings;

4. The Debtor's children and siblings shall share in the property.

In this case, the Trustee contends that the real estate is property of the estate, and that even if a trust exists it is avoidable pursuant to the strong arm provision of 11 U.S.C.§ 544 (a)(3). See In re Bullard 2004 WL 1534332 (Bankr. M.D.N.C. 2004).

The Debtor on the other hand, claims that she holds the property subject to a resulting trust which takes the property outside her estate. A resulting trust arises –

> "when one person's money is used to pay for land, title to which is taken in the name of another, equity creates a trust commensurate with his interest in favor of the one furnishing the money."

Fulp v. Fulp, 265 N.C. 20, 140 S.E. 2d 708 (1968). The real property is free of liens and has a tax value of $118,000.00.

## ARGUMENT

**I. NO TRUST EXISTS UNDER NORTH CAROLINA LAW**

**(a) The court should not consider the letter, as it is void for vagueness and is excluded by the parol evidence rule.**

Section 541(a) of the Bankruptcy Code brings into the bankruptcy estate all property of the Debtor. The deed to the Debtor in this case makes no mention of any limitation on her interest, and the real property is property of the estate unless her rights are limited by interests retained or granted to others by the July 4, 1992 letter. The trustee's first argument is that the

2

letter is unenforceable against the Debtor and that no legal interest in the real estate was retained or granted by the letter. The letter is vague and appears contradictory. The letter refers to a "gift" to the debtor; the first three conditions set up a fee simple subject to a condition that the property not be sold. This may constitute an attempt to create a fee simple determinable, but does not use the necessary language. Restatement of Property, Sec. 44 (1936). Conveyances of this nature are not favored by the law, which interprets all but the most carefully drawn restrictions on alienation to be void. Cummings v. United States, 409 F.Supp 1064, 1069 (M.D.N.C. 1976). The fourth condition, on the other hand, appears to contemplate that the Debtor received only a life estate, with the remainder left to unspecified beneficiaries.

Given the vagueness and contradictions of the letter, the Court should not consider it. Furthermore, the letter is offered for the purpose of varying the later written deed between the parties. "Any and all parts of a transaction prior to or contemporaneous with a writing intended to record them finally are superceded and made legally ineffective by the writing." Brown, N.C. Evidence, § 258 (4th Ed. 1993). Therefore, the letter has no legal significance, and does not limit the Debtor's, and so the Trustee's, interests in the property.

**(b)  If the letter is interpreted to be a conveyance, it must be recorded to be effective.**

Under Section 544(a), the Trustee has all of the rights of a lien creditor. As above, the letter appears, if anything, to contemplate a gift with a reversion upon condition subsequent. If the letter is taken to be a conveyance or restriction of a conveyance by retention of a reversion it must be recorded to be effective against lien creditors. N.C.Gen.Stat. 47-18, states:

> no (i) conveyance of land or (ii) contract to convey... shall be valid

> as against lien creditors... but from the time of registration thereof
> in the county where the land lies...

North Carolina has traditionally understood that secret liens, trusts, unregistered mortgages, etc. are not binding because no notice, however full and formal, can supplant the place of registration. Wimes v. Hufman, 185 N.C. 178, 116 S.E.402 (1923) (judgment creditor has priority over unregistered deed); See Stephenson v. Jones, 69 N.C. App. 116, 316 S.E.2d 626 (1984). If a party withholds his deed from registration, he suffers the consequences from his own neglect. Jones v. Williams, 71 S.E. 222, 227 (N.C. 1911). Under N. C. Law, then, a trustee can generally avoid any unrecorded transfer of land.

> Secret liens ought not to be favored, and we are not inclined to
> indulge in any attempts at refinement... In order to protect those
> who from design or negligence fail to record their papers and then
> when disaster comes set them up against subsequent unsecured
> creditors.

Nat'l Disc. Corp. v. Tyson, 247 F.2d 18, 21 (4th Cir. 1957). The law refuses to acknowledge secret liens and requires registration of deeds and other instruments to protect innocent purchasers against the claims of those who do not comply with the law. Id. See also Commercial Cas. Ins. Co. v. Williams, 37 F.2d 326, 327 (4th Cir. 1930)(providing that secret liens are repugnant to the law). Therefore, to the extent that the letter constitutes the restriction of a conveyance in land, it is not legally effective against the Trustees' status as a lien creditor.

**(c)  No express trust was created.**

To create a valid express trust, the instrument must intend to create a trust, and have a definite subject and ascertainable object. Wachovia Bank & Trust Co. v. Taylor, 255 NC 122, 120 S.E. 2d 588 (1961). The letter clearly does not effect a trust; it does not use words of trust,

4

or vest any party other than the Debtor with any present rights in the property. It also fails as a trust for vagueness. Evidence of an express trust must be clear. Ferguson v. Ferguson, 285 S.E.2d 288, 291 (N.C. Ct. App. 1982).

The Debtor appears to contend that the letter would give rise to a resulting trust. A resulting trust, as set out above, is a trust imposed by the court to effect the parties' agreement. However, a trust may not be engrafted in favor of the grantor upon his deed in fee simple. Willetts v. Willetts, 254 NC 136, 118 S.E. 2nd 548.

> "[E]xcept in cases of fraud, mistake or undue influence, a parol trust, to arise by reason of the contract or agreement of the parties thereto, will not be set up or engrafted in favor of the *grantor* upon a written deed conveying to the grantee the absolute title, and giving clear indication on the face of the instrument that such a title was intended to pass."

Day v. Powers, 86 N.C.App. 85, 87, 356 S.E.2d 399, 401, *disc. rev. denied*, 320 N.C. 791, 361 S.E.2d 73 (1987) (quoting Gaylord v. Gaylord, 150 N.C. 222, 227, 63 S.E. 1028, 1031 (1909)) (emphasis added); see also Willetts v. Willetts, 254 N.C. 136, 143-44, 118 S.E.2d 548, 553 (1961).

In this case, it does not appear that any money changed hands, but only that a conditional gift occurred (if anything) so that no resulting trust arose. Finally, a resulting trust must be proved by clear and convincing evidence. Edwards v. Edwards, 311 Ark. 339, 843 S.W. 2d 846, 849 (1992).

For the above reasons, then, the property is property of the estate under Section 541, and may be liquidated by the Trustee or may be brought into the estate under Section 544(a).

## II. EVEN IF A TRUST IS CREATED AT NORTH CAROLINA LAW, THE TRUSTEE'S STATUS AS A BONA FIDE PURCHASER FOR VALUE CUTS OFF ANY INTEREST OF A BENEFICIARY IN THE LAND.

It is settled that in North Carolina a bona fide purchaser for value without notice is protected against the claim of one in whose favor a trust is sought to be established. Spence v. Foster Pottery Co., 185 N.C. 218, 117 S.E.2d (1923):

> There are certain parol trusts, and those created by operation of law dealing with beneficial interests in lands, which are fully recognized in this jurisdiction. Jones v. Jones, 164 N.C. 320, 80 S. E. 430, and cases there cited. And it has been held with us consistently that these trusts, though resting in parol, or not evidenced by any writing may be enforced against the holder of the legal title, unless it appear that such holder, or some one under whom he claims, has acquired his title for a fair and reasonable value and without notice of the trust. Here it will be observed that a bona fide purchaser for value without notice (but not a creditor) is protected against the claim of one in whose favor the trust is sought to be established, not by virtue of the terms of the Connor Act, but on the broad principles of equity.

Id; See Arnette v. Morgan, 363 S.E.2d 678 (N.C. App. 1988).

Similarly, a deed may not be reformed when the rights of a bona fide purchaser have intervened. Hice v. Hi-Mil, Inc., 301 N.C. 647, 273 S.E.2d 268 (1981).

The Bankruptcy Code gives the trustee the status of a hypothetical bona fide purchaser of real property from the debtor, whether or not such a purchaser exists. 11 U.S.C. § 544(a)(3)(2006). Here, because an innocent purchaser for value (the trustee) had no notice of the letter attempting to create the trust, but merely the registered deed granting the property to the debtor, the property does become part of the bankruptcy estate under the strong arm powers. Under this section, a trustee may defeat a claim against the debtor's estate if, under applicable state law, a hypothetical bona fide purchaser would have prevailed over the claim. In re

Boardwalk Dev. Co., 72 B.R. 152, 154 (E.D.N.C. 1987) (Deed may not be reformed against a trustee as bona fide purchaser). This section applies without regard to any knowledge of the trustee. Id.; In re Paulson, 150 B.R. 960, 963 (D.N.D. 1992); See In re Stanphill 312 B.R. 691 (Bankr. N.D. Ala 2004).

For example, in Paulson, a third party claimed that a trust existed in his name which removed the property from the bankrupt's estate. Id. However, no records demonstrated that the third party recorded an interest in the property that would alert the trustee as to the true owner. Id. at 964. The real estate records indicated the property was in the debtor's name and that the third party had absolutely no registered interest in the property. Id. Additionally, the debtor maintained possession of the property during the commencement of the bankruptcy proceedings. Id. The Bankruptcy Court for the District of North Dakota found that, because the trustee had no opportunity to acquire notice of the third party's alleged interest, pursuant to §544, the trustee could avoid the third party claim. Id.; See In re: Seaway Exp. Corp. 912 F2d 1125 (9th Cir. 1990)(If trustee has no actual or constructive notice, he takes free of any trust.)

Here, like in Paulson, the trustee had no actual or constructive notice of the alleged trust for all of the debtor's siblings. No records demonstrate the alleged true owners of the property, as the real estate records indicate the property is in the debtor's name and the siblings have absolutely no registered interest in the property. Furthermore, the debtor retained possession and use of the property, and has claimed it as her residence.

Under these principles, the trustee, acting as a bona fide purchaser of the property under Section 544(a)(3), may avoid the trust claim against the bankruptcy estate, if any.

7

## CONCLUSION

In summary, the real estate is property of the bankruptcy estate under Section 541 or may be brought into the estate under Section 544 and may be liquidated by the Trustee.

This the 20th day of July, 2006.

                                              */s/ Robert E. Price, Jr.*
                                              Robert E. Price, Jr.
                                              Special Counsel for Trustee
                                              W. Joseph Burns
                                              State Bar #9422

OF COUNSEL:

PRICE LAW OFFICE
1144 West Fourth Street
Winston-Salem, NC 27101
(336) 724-7030
(336) 724-7047

| | |
|---|---|
| IN RE: <br><br> **DEANIE HAIR CREECH** <br><br> DEBTOR. | CHAPTER 7 <br><br> CASE NO. 05-51710 |
| **W. JOSEPH BURNS,** TRUSTEE IN BANKRUPTCY FOR **DEANIE HAIR CREECH,** <br><br> PLAINTIFF, <br><br> vs. <br><br> **DEANIE HAIR CREECH,** <br><br> DEFENDANT. | ADVERSARY PROCEEDING NO. 05-06055 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the **Trial Brief** filed in the above captioned case was duly served on the parties listed below by depositing said copy in the United States Mail, Winston-Salem, North Carolina, first class, postage fully prepaid and addressed as follows:

John H. Boddie
407-D Parkway
Greensboro, NC 27401

Deanie Hair Creech
PO Box 614
Welcome, NC 27374

Michael D. West, Esq.
US Bankruptcy Administrator
Middle District of NC
PO Box 1828
Greensboro, NC 27402

This the 20th day of July, 2006.

*/s/ Robert E. Price, Jr.*
Robert E. Price, Jr.
N.C. State Bar No. 9422
Attorney for Plaintiff

OF COUNSEL

PRICE LAW OFFICE
1144 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 724-7030

CASES CITED

Arnette v. Morgan,
    363 S.E.2d 678 (N.C. App. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Boardwalk Dev. Co.,
    72 B.R. 152, 154 (E.D.N.C. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Bullard
    2004 WL 1534332 (Bankr. M.D.N.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Commercial Cas. Ins. Co. v. Williams,
    37 F.2d 326, 327 (4th Cir. 1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cummings v. United States,
    409 F.Supp 1064, 1069 (M.D.N.C. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Day v. Powers,
    86 N.C.App. 85, 87, 356 S.E.2d 399, 401, *disc. rev. denied*,
    320 N.C. 791, 361 S.E.2d 73 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Edwards v. Edwards,
    311 Ark. 339, 843 S.W. 2d 846, 849 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Ferguson v. Ferguson,
    285 S.E.2d 288, 291 (N.C. Ct. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fulp v. Fulp,
    265 N.C. 20, 140 S.E. 2d 708 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Hice v. Hi-Mil, Inc.,
    301 N.C. 647, 273 S.E.2d 268 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jones v. Jones,
    164 N.C. 320, 80 S. E. 430 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jones v. Williams,
    71 S.E. 222, 227 (N.C. 1911) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Nat'l Disc. Corp. v. Tyson,
    247 F.2d 18, 21 (4th Cir. 1957) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

In re Paulson,
    150 B.R. 960, 963 (D.N.D. 1992 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

In re: Seaway Exp. Corp.

    912 F2d 1125 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Spence v. Foster Pottery Co.,
    185 N.C. 218, 117 S.E.2d (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

In re Stanphill
    312 B.R. 691 (Bankr. N.D. Ala 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Stephenson v. Jones,
    69 N.C. App. 116, 316 S.E.2d 626 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wachovia Bank & Trust Co. v. Taylor,
    255 NC 122, 120 S.E. 2d 588 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Willetts v. Willetts,
    254 N.C. 136, 143-44, 118 S.E.2d 548, 553 (1961)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Wimes v. Hufman,
    185 N.C. 178, 116 S.E.402 (1923) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4