IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| W. JOSEPH BURNS, ) | Case No. 05-51710 |
| ) | |
| Plaintiff, ) | Adv. No. 05-6055 |
| v. ) | |
| ) | |
| DEANIE H. CREECH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This adversary proceeding was tried before the Court on July 25, 2006. In this case, W. Joseph Burns, in his capacity as the Chapter 7 trustee (the "Plaintiff"), seeks authority to sell the interest of both Deanie H. Creech (the "Debtor") and a co-owner in certain real property. At the hearing, Robert E. Price, Jr. represented the Plaintiff and John H. Boddie represented the Debtor.

Based upon the evidence presented at trial and a review of the entire official file, the Court hereby makes the following findings of fact and conclusions of law.

FACTS

On July 20, 1992, William L. Hair and Carolyn C. Hair (the "Hairs") deeded property known as 1307 Warf Road in Lexington, North Carolina (the "Property") to the Debtor by a North Carolina General Warranty Deed Without Exceptions (the "Deed"). The Deed contained no restrictions on the Debtor's use or disposition of the Property. Since that time, the Debtor has owned the Property and has resided there periodically.[1]

---

[1] Mrs. Hair testified that the nature of the Property (i.e., a lake cabin) is unsuitable for winter habitation.

On April 28, 1999, the Debtor and her ex-husband encumbered the Property by executing a Deed of Trust against it. The Deed of Trust was marked satisfied and cancelled in February of 2005.

The Debtor filed a Chapter 7 bankruptcy petition in this Court on June 2, 2005 (the "Petition Date"). On her schedules, the Debtor listed the value of the Property as $0.00 and noted that the Property was "property held for another person." The Debtor's Statement of Financial Affairs shows that the Property has a tax value of $118,240.00 but that it is "held in trust for family members" and was given to the Debtor by her parents "with conditions."

The records of Davidson County, North Carolina, show the Debtor as the sole legal owner. The tax value of the Property is $118,240.00.

## ANALYSIS

### A. No Resulting Trust is Imposed

The Debtor argues that the Property has no value for the bankruptcy estate because she only holds bare legal title to the Property. Although the Property was deeded to her by her parents, the Hairs, by a General Warranty Deed Without Restrictions, the Debtor argues that it was the intention of the Hairs that the Property never be used for anything other than Hair family purposes. To support this contention, the Debtor and Mrs. Hair sought to introduce a letter dated July 4, 1992 (sixteen days prior to the recordation of the Deed) from the Hairs to the Debtor (the "Letter"). The contents of the letter purport to condition the Debtor's use and ownership of the Property. The letter was not admitted into evidence because of the Parole Evidence Rule,[2] and

---

[2]"Parol evidence concerning the terms of a contract is disallowed if it is prior to a written statement of the contract terms and is inconsistent with those terms. On the other hand, parol evidence may be used to contravene the existence of a contract; parol evidence may call into

2

thus the Court did not consider the contents of the letter in rendering this decision.  See Order Granting Motion in Limine, August 4, 2006.

### 1.  Restrictions on Real Property Must Be Recorded

North Carolina law controls the issue at hand[3] and holds that if a letter is intended to restrict the rights of a property owner, the letter must be recorded to be effective against lien creditors.  No conveyance of land or contract to convey land is valid against lien creditors unless it is recorded.  See N.C.G.S. § 47-18.

### 2.  No Express Trust was Created

The letter does not create an express trust for three reasons.  First, the letter does not have a definite subject and an ascertainable object as required by North Carolina law for creating an express trust.  It is vague and inconsistent in its terminology and meaning.  Second, the letter does not use the words of a trust.  The letter vests no one but the Debtor with rights in the Property.  Third, evidence of an express trust must be clear, and no such evidence was presented. See Bland v. Branch Banking & Trust Co., 143 N.C. App. 282, 287, 547 S.E.2d 62, 66  (N.C. App. 2001)(an express trust must contain (1) sufficient words to show intention to create the trust; (2) a definite subject; and (3) an ascertained object).

### 3.  No Resulting Trust was Created

Property that is subject to a constructive or resulting trust is not property of the

---

question whether the parties intended a writing to be a binding manifestation of mutual assent." In re Murphy, 810 F.2d 454, 457 (4th Cir. 1987).

[3]See Butner v. United States, 440 U.S. 48, 55 (1979)(creditors' entitlements in bankruptcy arise from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary Bankruptcy Code provisions; "Congress has generally left the determination of property rights in the assets of a bankruptcy's estate to state law").

bankruptcy estate.  See In re Halverson, 151 B.R. 358, 362 (Bankr. M.D.N.C. 1993)(Section 541(d) states that property of which the debtor only has legal title and not an equitable interest only becomes property of the estate to the extent of the debtor's legal title but not to the extent of any equitable interest in such property that the debtor does not hold).  A resulting trust arises when one person's money is used to pay for land, title is taken in the name of another person, and equity creates a trust commensurate with the interest of the one furnishing the money.  See Fulp v. Fulp, 264 N.C. 20, 22, 140 S.E.2d 708, 711 (1968).

> A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein and the beneficial interest is not otherwise effectively disposed of. Resulting trusts are established by equity for the purpose of carrying out the presumed intention of the parties.

Strange v. Sink, 27 N.C. App. 113, 116, 218 S.E.2d 196, 198  (N.C. App. 1975).  A resulting trust is imposed by the court to effect the parties' agreement, and a resulting trust may not be imposed in favor of a grantor when he gives a deed in a fee simply.  See Willets v. Willets, 254 N.C. 136, 144, 118 S.E.2d 548, 553 (N.C. 1961).  A resulting trust must be proved with clear and convincing evidence.  See Edwards' v. Edwards, 843 S.W.2d 846, 849 (1992).

Applicable North Carolina[4] law, developed by the North Carolina courts and known as

---

[4]When the parol evidence rule is at issue, the bankruptcy court applies the law of the state in which it sits.  See Gilbert v. Scratch 'N Smell, Inc., 756 F.2d 320, 322 (4th Cir. 1985).

the Parol Evidence Rule,[5] bars the introduction of the Letter[6] into evidence by the purported grantors (i.e., the Hairs) or the purported grantee (i.e., the Debtor).  Further, the Parole Evidence Rule bars testimony by the Hairs or the Debtor[7] concerning the intent of the Hairs when they transferred the Property to the Debtor.  Only the beneficiary of a resulting trust may offer such testimony, as explained in Guy v. Guy, 104 N.C. App. 753, 756, 411 S.E.2d 403, 405 (N.C. App. 1991):

> Trusts created by oral declarations, in both land and personalty, are permitted where there are three parties: a grantor, a grantee, and a beneficiary.  In this three party situation, the beneficiary is not a party to the written deed and therefore may introduce evidence of the intended trust and this oral evidence does not violate the Parole Evidence Rule.

104 N.C. App. at 756, 411 S.E.2d at 405.  Thus, only a beneficiary of the alleged trust could have testified at the trial.[8]

---

[5]The parol evidence rule is not a rule of evidence; it is a rule of substantive law founded upon the substantive rights of the parties.  Rock-Ola Mfg. Corp. v. Wertz, 282 F.2d 208, 211 (4th Cir. 1960).

[6]The parol evidence rule pertains to oral testimony, but it also extends to informal writings, such as affidavits or letters, insofar as they contain statements tending to contradict or vary a single and final written instrument.  Russell, Bankruptcy Evidence Manuel, § 71 at p. 462 (2004 ed.).

[7]The Parol Evidence Rule does not bar the introduction of evidence of the existence of a resulting trust by the purported beneficiary of the trust.  "This is because evidence introduced to establish such a trust is not offered to contradict, alter, or explain the written instrument."  Keistler v. Keistler, 135 N.C. App. 767, 769, 522 S.E.2d 338, 340 (N.C. App. 1999).  Parol evidence may be offered because the "deed has its full force and effect in passing the absolute title at law, and is not altered, added to, or explained by the trust, which is an incident attached to it, in equity, as affecting the conscience of the party who holds the legal title."  Thompson v. Davis, 223 N.C. 792, 795, 28 S.E.2d 556, 558 (N.C. 1944).

[8]Under the terms of the Letter, it is unclear that <u>any</u> beneficiaries exist.  The Letter requires the Property to be deeded back to the Hairs "if, for any reason, it shall become necessary for [the Debtor] to dispose of this property."  If the Debtor's bankruptcy constitutes a reason for

In the matter at hand, because the purported grantors (i.e., the Hairs) and the purported grantee (i.e., the Debtor) could not present evidence of a resulting trust and because no purported beneficiary of the alleged trust (e.g., any of the Debtor's siblings) came forward to present evidence, no evidence of a resulting trust was presented. Thus, the Court finds that no resulting trust was created.

### B. The Rights of the Trustee Are Superior to the Beneficiary of a Resulting Trust

Even if a resulting trust were imposed, under North Carolina law[9] the interests of a bona fide purchaser for value without notice of the trust are superior to the interests of a beneficiary of a resulting trust. See Bank of Vance v. Crowder, 194 N.C. 312, 314, 139 S.E. 601, 603 (N.C. 1927)("Equity makes use of the machinery of a trust for the purpose of affording redress in cases of fraud, and will follow the property obtained by a fraud in order to remedy the wrong, and only stops the pursuit when the means of ascertainment fails or the rights of bona fide purchasers for value, without notice of the fraud or trust, have intervened."); Corp Comm'n of NC v. Merchants

---

the Debtor to dispose of the Property, then the Letter provides that the Property will be transferred back to the Hairs, who would then be free to dispose of it as they wish. In addition, because the Hairs are still living, their heirs are not known at this time; it is not certain that any of their progeny will be living when they die. Moreover, paragraph 2 of the letter provides that the Property may be "sold or given" by the Debtor to another "member of the Hair family," which is inconsistent with paragraph 4 of the Letter when it provides that all children of the Debtor should have equal shares in the Property along with the other "heirs" of the Hairs. However, the Court is not required to sort through the hopelessly inconsistent provisions of the Letter because no purported beneficiary attempted to testify or offer evidence at trial. The Debtor attempted to testify on behalf of her minor daughter because, the Debtor argued, her daughter is a beneficiary and the Debtor, her mother, is her daughter's legal representative. However, for the reasons stated above, the Debtor's daughter could not be a beneficiary under the terms of the Letter. The Hairs, who are the purported grantors, are both living (and were present at trial). Hence, the Debtor was not allowed to testify on behalf of her minor daughter.

[9]North Carolina law controls this issue. See Butner v. United States, 440 U.S. 48, 55 (1979).

Bank and Trust Co., 193 N.C. 696, 698, 138 S.E. 22, 24 (N.C. 1927)("As a general rule, if property is converted and the trust fund can be traced and identified, the cestui que trust may resort to a court of equity to compel its transfer to himself, and his right will not be affected by any change in the trust property wrought by the trustee without his consent unless it has been transferred to a bona fide purchaser, or assignee, for value without notice."); Spence v. Foster Pottery Co., 185 N.C. 218, 220, 177 S.E. 32, 33 (N.C. 1923)("a bona fide purchaser for value without notice (but not a creditor) is protected against the claim of one in whose favor the trust is sought to be established . . ."). Furthermore, a deed may not be reformed when the rights of a bona fide purchaser have intervened. See Hice v. H-Mil, 301 N.C. 647, 653, 273 S.E.2d 268, 272 (N.C. 1981). Only where no rights of a bona fide purchaser have intervened can a trust stand. See also Waddell v. Carson, 245, N.C. 669, 673, 97 S.E.2d 222, 226 (N.C. 1957)(the jury found a resulting trust existed; since no rights of a bona fide purchaser for value, without notice, actual or constructive, of the alleged trust had intervened, the trust stood).

Pursuant to Section 544(a)(3) of the Bankruptcy Code, the Trustee has the status of a bona fide purchaser. Section 544(a)(3) provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligations incurred by the debtor that is voidable by – a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

If a resulting trust is established, the rights of a trustee as a bona fide purchaser trump those of the beneficiary of a resulting trust. See In re Reasonover, 236 B.R. 219, 223 (Bankr.

E.D. Va. 1999)(trustee's avoidance powers as a hypothetical bona fide purchaser trumped mortgage company's equitable claims to the property). A trustee that has no actual or constructive knowledge of an alleged trust takes free of the trust. See, e.g., In re Seaway Exp. Corp., 912 F.2d 1125, 1128 (9th Cir. 1990); In re Paulson, 150 B.R. 960, 963 (Bankr. D.N.D. 1992). Further, a deed may not be reformed in order to prevail over the rights of a bankruptcy trustee as a bona fide purchaser. See In re Boardwalk Dev. Co., 72 B.R. 152, 154 (Bankr. E.D.N.C. 1987).

In In re Paradise & Associates, Inc., 249 B.R. 360, 362 (D. Del. 2000), a creditor transferred real property to the debtor-builder prepetition solely for the purpose of allowing the debtor to use the property to obtain a construction loan. The creditor then brought an adversary proceeding to determine that the property was not property of the bankruptcy estate and for the imposition of an equitable trust in its favor. See id. The Court held that even though the debtor only held bare legal title to the property, it could be brought into the bankruptcy estate under the trustee's strong-arm powers. See id. at 366. Further, the same strong-arm provision that conferred on the trustee the rights and powers of a bona fide purchaser conferred the status of a bona fide purchaser on the trustee for all purposes, without regard to whether there was any transfer of property to or from the debtor. See id. at 369. Finally, the court found that even if it were to impose a constructive trust in favor of the creditor, the trustee could exercise his strong-arm powers as a bona fide purchaser to avoid the trust beneficiary's unrecorded equitable interest. See id. at 372.

The Fourth Circuit has not ruled on this issue, but the majority rule is that a trustee may use his strong-arm power under Section 544(a) to bring into the estate property that is not

property of the estate pursuant to Section 541(d).  See In re Chase, Case No. 96-01286, slip op. at 5 (Bankr. E.D.N.C. August 21, 1997).  In North Carolina, a beneficiary of a constructive trust may resort to a court of equity and follow the trust property unless it has been transferred to a bona fide purchaser for value without notice.  See id., citing Bank of Vance v. Crowder, 194 N.C. at 315, 139 S.E. at 603; Corp Comm'n of NC v. Merchants Bank and Trust Co., 193 N.C. at 700, 138 S.E. at 24.  Thus, the bankruptcy trustee, with the status of a bona fide purchaser for value, will prevail over a constructive trust in North Carolina.  11 U.S.C. § 544(a)(3).

## CONCLUSION

Pursuant to the reasons set forth herein, the Court finds that no resulting trust was created on the Property.  Thus, the Property is property of the Debtor's bankruptcy estate.

Even if the Court had imposed a resulting trust, Section 544(a)(3) and North Carolina law combine to provide that the rights of a bona fide purchaser are superior to those of a beneficiary of a resulting trust.  Even if the Property was subject to a resulting trust, the Trustee, as a hypothetical bona fide purchaser, has rights superior to any beneficiary of the trust.  The Trustee's request for approval of the sale of both the interest of the estate and of a co-owner in the Property should be granted.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| W. JOSEPH BURNS, | ) | Case No. 05-51710 |
| | ) | |
| Plaintiff, | ) | Adv. No. 05-6055 |
| v. | ) | |
| | ) | |
| DEANIE H. CREECH, | ) | |
| | ) | |
| Defendant. | ) | |

PARTIES IN INTEREST

W. Joseph Burns, Esquire

Robert E. Price, Jr., Esquire

John H. Boddie, Esquire

Deanie H. Creech